IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE GIESEY ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | NO. |
| ) | |
| v. ) | |
| ) | |
| BOARD OF REGENTS FOR THE ) | |
| UNIVERSITY SYSTEM OF GEORGIA ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Jane Giesey, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and states her complaint as follows:

1.

This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for retaliation under the FLSA, and for whistleblower retaliation under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

## JURISDICTION AND VENUE

2.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the FLSA.

3.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of the FLSA.

4.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count III of this Complaint, which arises out of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, because the claim arises out of the same transaction or occurrence as Counts I and II of this Complaint, over which this Court exercises original jurisdiction.

5.

Venue is proper in this Court because the employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

7.

Defendant is a governmental entity of the State of Georgia.

8.

Defendant owns and operates Kennesaw State University ("KSU").

9.

Defendant is governed by and subject to the overtime requirement and anti-retaliation provision of the FLSA, 29 U.S.C. § 207 and 215(a)(3).

10.

Defendant is a "public employer" under O.C.G.A. § 45-1-4(a)(4).

11.

At all relevant times, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

12.

At all relevant times, Plaintiff was a "public employee" under O.C.G.A. § 45-1-4(a)(3).

## STATEMENT OF FACTS

13.

Plaintiff was employed by Defendant as a Solutions Associate at Kennesaw State University ("KSU") from February 15, 2015, through June 26, 2015.

14.

In that position, Plaintiff worked in a call center, engaging in phone conversations with KSU students and the families of students.

15.

Plaintiff was generally assigned to work from 8:30 each morning until 5:30 each evening, five days per week, with a one hour lunch break.

16.

Plaintiff was required to manually enter her time into a timekeeping system provided by ADP, LLC ("ADP").

17.

Defendant also used a system, Platform 28, to track Plaintiff's activities on her work computer and the phone system.

18.

While Platform 28 did track time spent on certain activities, it did not accurately track all time for which Plaintiff was due wages.

19.

The deficiencies in Platform 28's time tracking included, but were not limited to, failure to record all work-related activities and time periods in which Defendant exercised control over Plaintiff.

20.

The deficiencies in Platform 28's time tracking included, but were not limited to, technical errors and times when the system would go into "sleep mode" and inaccurately track time.

21.

Plaintiff was paid at a rate of $15.62 per hour.

22.

Plaintiff regularly began working before the start of her shift.

23.

Plaintiff regularly finished working after the end of her shift.

24.

Plaintiff's supervisor, Stephen Settle ("Settle"), instructed Plaintiff to only report 8 hours of work per day into ADP, even though Plaintiff regularly worked more than 8 hours per day.

25.

In April 2015, Plaintiff reported Settle's instruction to Human Resources Specialist Liz Dolezal ("Dolezal") and Director of Human Resource Services Alicia Stignani ("Stignani").

26.

On May 18, 2015, Plaintiff was given a poor performance review, referred to as a "90-day review."

27.

Other employees were not subjected to 90-day reviews.

28.

Plaintiff's performance review contained numerous discrepancies and contradicted system-generated performance metrics.

29.

On May 18, 2015, Plaintiff reported discrepancies in her performance review to her supervisors, Maria Gadberry ("Gadberry") and Settle.

30.

On June 18, 2015, Plaintiff was notified that she would receive a merit increase in her pay, to be effective July 24, 2015.

31.

On June 18, 2015, Plaintiff reported to Settle that some employees were still working past 5:30, including Plaintiff.

32.

On June 18, 2015, Plaintiff wrote a letter to Human Resources reporting errors with Platform 28 tracking time spent on breaks.

33.

On June 19, 2015, Plaintiff was issued a "verbal warning" for an alleged incident while helping a student.

34.

Plaintiff did not violate any policies to merit disciplinary action.

35.

On June 19, 2015, Plaintiff made reports of the discrepancies in her performance evaluation and the improper disciplinary action to Stignani.

36.

On June 26, 2015, Defendant terminated Plaintiff's employment.

37.

On June 21, 2016, Plaintiff and Defendant entered into a Tolling Agreement to toll the statutes of limitation for the claims presented herein.  Said Tolling Agreement is attached hereto as 'Exhibit A.'

## COUNT I

### Fair Labor Standards Act Overtime Violation

38.

Plaintiff reasserts and incorporates Paragraphs 6 through 37 of this Complaint as if fully set forth herein.

39.

At all relevant times, Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 each week, in violation of § 207 of the FLSA.

40.

Defendant failed to keep accurate records of the time Plaintiff worked by ordering Plaintiff to report fewer hours on her time sheet.

41.

As a result of Defendant's unlawful conduct, Plaintiff is entitled to recover her unpaid overtime wages, an equivalent amount as liquidated damages, attorney fees, and costs.

## COUNT II

### Fair Labor Standards Act Retaliation

42.

Plaintiff reasserts and incorporates Paragraphs 6-41 of this Complaint as if fully set forth herein.

43.

The report detailed in Paragraph 25 of this Complaint was a protected disclosure under § 215(a)(3) of the FLSA.

44.

The performance review detailed in Paragraph 26 of this Complaint constituted unlawful retaliation in violation of § 215(a)(3) of the FLSA.

45.

The report detailed in Paragraph 29 of this Complaint was a protected disclosure under § 215(a)(3) of the FLSA.

46.

The report detailed in Paragraph 31 of this Complaint was a protected disclosure under § 215(a)(3) of the FLSA.

47.

The report detailed in Paragraph 32 of this Complaint was a protected disclosure under § 215(a)(3) of the FLSA.

48.

The verbal warning detailed in Paragraph 33 of this Complaint constituted unlawful retaliation in violation of § 215(a)(3) of the FLSA.

49.

The report detailed in Paragraph 35 of this Complaint was a protected disclosure under § 215(a)(3) of the FLSA.

50.

Plaintiff's termination, detailed in Paragraph 36 of this Complaint, constituted unlawful retaliation in violation of § 215(a)(3) of the FLSA.

51.

As a result of Defendant's unlawful conduct, Plaintiff is entitled to reinstatement with full back-pay, liquidated damages equal Plaintiff's back-pay, attorney fees, and costs.

## COUNT III

### Georgia Whistleblower Retaliation

52.

Plaintiff reasserts and incorporates Paragraphs 6-51 of this Complaint as if fully set forth herein.

53.

The report detailed in Paragraph 25 of this Complaint was a protected disclosure under O.C.G.A. § 45-1-4.

54.

The performance review detailed in Paragraph 26 of this Complaint constituted unlawful retaliation in violation of O.C.G.A. § 45-1-4.

55.

The report detailed in Paragraph 29 of this Complaint was a protected disclosure under O.C.G.A. § 45-1-4.

56.

The report detailed in Paragraph 31 of this Complaint was a protected disclosure under O.C.G.A. § 45-1-4.

57.

The report detailed in Paragraph 32 of this Complaint was a protected disclosure under O.C.G.A. § 45-1-4.

58.

The verbal warning detailed in Paragraph 33 of this Complaint constituted unlawful retaliation in violation of O.C.G.A. § 45-1-4.

59.

The report detailed in Paragraph 35 of this Complaint was a protected disclosure under O.C.G.A. § 45-1-4.

60.

Plaintiff's termination, detailed in Paragraph 36 of this Complaint, constituted unlawful retaliation in violation of O.C.G.A. § 45-1-4.

61.

As a result of Defendant's unlawful conduct, Plaintiff is entitled to reinstatement with full back-pay, compensatory damages, attorney fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid overtime wages, an equivalent amount as liquidated damages, reinstatement with full back-pay, and equivalent amount as liquidated damages, compensatory damages, attorney fees, and costs; and

D. For any such other and further relief as this Court deems proper and just.

Date: July 25, 2016.

        Respectfully submitted,
        THE KIRBY G. SMITH LAW FIRM, LLC

        s/ Micah Barry
        Micah Barry
        Georgia Bar No. 103184
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
5825 Glenridge Drive
Building 3, Suite 101-A
Atlanta, GA 30328

T: (404) 303-5112
F: (877) 352-6253
mjb@kirbygsmith.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

This 25th day of July, 2016

                        By:    s/ Micah Barry
                                Micah Barry
                                Georgia Bar No. 103184
                                *Attorney for Plaintiff*

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing **COMPLAINT** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 25th day of July, 2016.

                                                      Respectfully submitted,
                                                      THE KIRBY G. SMITH LAW FIRM, LLC

                                                      By:    s/ Micah Barry
                                                                Micah Barry
                                                                Georgia Bar No. 103184